JXH/MJM: 2020R00882
*JTM* 10.17.21

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 OCT 20   PM 4: 10

CLERK'S OFFICE
AT BALTIMORE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** GTH-21-417 |
| | * | |
| **v.** | * | |
| | * | **(Conspiracy to Commit Visa Fraud and** |
| **JOSHUA OLATOKUNBO SHONUBI,** | * | **Marriage Fraud, 18 U.S.C. § 371; False** |
| **a/k/a Olatokunbo Joshua Shonubi,** | * | **Document, 18 U.S.C. § 1001(a)(3);** |
| | * | **Forfeiture, 18 U.S.C. § 982(a)(6), 21** |
| **Defendant.** | * | **U.S.C. § 853, 28 U.S.C. § 2461(c))** |
| | * | |

*******

## COUNT ONE
### (Conspiracy to Commit Visa Fraud and Marriage Fraud)

The Grand Jury for the District of Maryland charges that:

At all times material to the Indictment:

### Introduction

1.    **JOSHUA OLATOKUNBO SHONUBI a/k/a/ OLATOKUNBO JOSHUA SHONUBI ("SHONUBI")** was a resident of Maryland. **SHONUBI** committed the criminal acts alleged herein in the District of Maryland and other locations.

2.    **SHONUBI** was pastor of NewLife City Church, Inc. ("NewLife"), a church located in Hyattsville, Maryland.

3.    **SHONUBI** formed Jaypro Inc. ("Jaypro") as a Maryland corporation on or about October 26, 2015.   As of October 13, 2017, Jaypro was forfeited and not in good standing.

### United States Citizenship and Immigration Services and its Forms

4.    United States Citizenship and Immigration Services ("USCIS") was an agency of the United States Department of Homeland Security ("DHS") responsible for receiving and

adjudicating immigrant and non-immigrant applications and petitions.

      a.      DHS USCIS Form I-130, Petition for Alien Relative, (hereinafter "Form I-130") is a form used by a United States citizen in support of a non-citizen's application for United States immigration benefits.

      b.      DHS USCIS Form I-485, Application to Register Permanent Residence or Adjust Status, (hereinafter "Form I-485") is a form used by an alien seeking a change in his or her immigration status.

      c.      DHS USCIS Form I-864, Affidavit of Support Under Section 213A of the INA, (hereinafter "Form I-864") is a form typically submitted by a United States citizen or lawful permanent resident to show that the United States citizen or lawful permanent resident can and will financially support or assist in financially supporting an alien seeking to change his or her immigration status (hereinafter referred to as "sponsor").

      d.      An applicant filing the Form I-130, the Form I-485, and/or the Form I-864 had to sign the application under penalty of perjury under the laws of the United States, verifying that all of the information and documentation submitted were complete, true, and correct. Anyone who assisted the applicant in preparing the application was also required to sign the application and declare that the information contained within the application was true based upon the preparer's personal knowledge or information provided to the preparer by the applicant.

**Foreign Nationals Applying for United States Lawful Permanent Residence**

5.      A foreign national can obtain lawful permanent residence in the United States through marriage to a United States citizen.   After marriage, the United States citizen files Form I-130 (Petition for Alien Relative) with USCIS seeking that the foreign national be classified as the spouse, and the foreign national typically simultaneously files a Form I-485 (Application to

Register Permanent Residence or Adjust Status) (hereafter collectively known as "application packet").

6.     The United States citizen and foreign national are then scheduled an interview with USCIS for the purpose of determining eligibility for the adjustment of their immigration status. USCIS will use the interview to determine whether the parties have established that each was free to marry, that the marriage was entered into in good faith, and that the marriage is bona fide (not entered into for the purpose of obtaining immigration benefits in the United States).

7.     Along with the interview notice, an applicant is provided with a list of documents that they can bring to establish for USCIS that the marriage is bona fide. That list includes things such as leases, letters or affidavits, photos, bank statements, shared bills, and documentation of shared assets.  This evidence and the testimony of the parties is how the Immigration Services Officer determines the foreign national's eligibility for permanent residence in the United States based upon marriage to a United States citizen.

### The Conspiracy

8.     Beginning no later than January 2014, and continuing through in or around January 2021, in the District of Maryland and elsewhere, the defendant,

**JOSHUA OLATOKUNBO SHONUBI,**
**a/k/a Olatokunbo Joshua Shonubi,**

and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together to defraud the United States and to commit offenses against the United States, namely:

a.     knowingly and unlawfully making under oath and subscribing as true under penalty of perjury under 28 U.S.C. § 1746, false statements with respect to a material fact in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, and presenting any such application, affidavit, and other document which

3

contains any such false statement and which fails to contain any reasonable basis in law and fact, in violation of 18 U.S.C. § 1546(a); and

        b.     knowingly and unlawfully entering into marriage for the purpose of evading a provision of the immigration laws of the United States, in violation of 8 U.S.C. § 1325(c).

### Object of the Conspiracy

9.     It was the object of the conspiracy to fraudulently obtain immigration benefits for foreign nationals by arranging their marriage to United States citizens who served as their sponsors for permanent residence in the United States.

### Manner and Means of the Conspiracy

10.     It was part of the conspiracy that **SHONUBI** and others known and unknown to the Grand Jury received thousands of dollars from foreign nationals in exchange for connecting them with United States citizen sponsors and facilitating their marriages.

11.     It was further part of the conspiracy that **SHONUBI,** utilizing his role as a pastor of NewLife, would recruit and groom economically disadvantaged United States citizens to marry these foreign nationals and then sponsor them for permanent residence in the United States. **SHONUBI** recruited people either directly or utilized others known and unknown to the Grand Jury to seek out United States citizens whom he would then enlist.

12.     It was further part of the conspiracy that **SHONUBI** and others known and unknown to the Grand Jury would recruit, entice, encourage, and groom United States citizens with payments and the promise of money in exchange for marrying, and staying married to, foreign nationals and serving as their sponsors when they subsequently sought permanent residence in the United States through USCIS.

13. It was further part of the conspiracy that **SHONUBI** would perform and officiate some of the marriages himself via his role as a pastor of NewLife, or alternatively arrange for civil marriages to be performed in Virginia.

14. It was further part of the conspiracy that **SHONUBI** would, depending on how much he was paid by the foreign national, fill out USCIS forms that they would subsequently submit as the foreign national's application packet for permanent residence.

15. It was further part of the conspiracy that **SHONUBI** and others known and unknown to the Grand Jury would author and sign supplemental documents containing false statements which were filed as part of, and in support of, the foreign nationals' application for permanent residence via USCIS.   The false documents that **SHONUBI** created for these marriages were the exact documentary evidence of the marriage's legitimacy, which if genuine, would trigger an approval of the application.

    a. In his position as a pastor of NewLife, **SHONUBI** would author and sign at least fraudulent reference letters on NewLife letterhead in support of foreign nationals' applications for permanent residence wherein he dishonestly described the nature of the marriage, his relation to the parties, his role in providing spiritual guidance or counseling, and his belief as to the legitimate romantic nature of the marriage.   **SHONUBI** signed at least 38 reference letters on NewLife letterhead that were then submitted to USCIS.

    b. Additionally, **SHONUBI** would create false rental leases between Jaypro and one or both parties to those marriages he facilitated as false proof that the foreign nationals and United States citizen sponsors were living together as married couples.   **SHONUBI** would arrange for the foreign nationals and/or United States citizen sponsors to sign the false leases.   The false leases represented that the parties were residing with one another at a specific location when,

5

in fact, they were not residing with one another.   At least 34 leases listing Jaypro as landlord were submitted to USCIS as part of the foreign nationals' applications for permanent residence in the United States.

16.     It was further part of the conspiracy that members of the conspiracy would submit to USCIS, in Maryland, application packets documenting marriages arranged and facilitated by **SHONUBI** and others known and unknown to the Grand Jury and containing false documents, to include fraudulent reference letters and leases.   **SHONUBI** and other members of the conspiracy submitted at least 60 application packets to USCIS, each documenting a marriage between a U.S. citizen and a foreign national, for the purpose of obtaining permanent residence for the foreign national.

## Overt Acts in Furtherance of the Conspiracy

17.     In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed in the District of Maryland and elsewhere:

a.     On or about December 12, 2014, **SHONUBI** created a false lease between his company Jaypro and L.G. (a U.S. citizen) and G.G. (a foreign national), which was included in G.G.'s application packet and submitted to USCIS in Maryland on September 12, 2015, to fraudulently demonstrate that L.G. and G.G. lived together as a married couple.

b.     On or about March 3, 2015 and April 23, 2016, **SHONUBI** authored two false reference letters on NewLife letterhead regarding the marriage of L.G. and G.G., which were included in G.G.'s application packet and submitted to USCIS in Maryland on September 12, 2015, to fraudulently demonstrate that the marriage was legitimate.

c.     On or about June 26, 2017, **SHONUBI** authored a false reference letter on NewLife letterhead regarding the marriage of J.H. (a United States citizen) and F.O. (a foreign

national), which was included in F.O.'s application packet and submitted to USCIS in Maryland on July 27, 2017, to fraudulently demonstrate to USCIS that the marriage was legitimate.

      d.      On or about April 25, 2018, **SHONUBI** signed a Commonwealth of Virginia Marriage Register form claiming to have officiated a religious marriage between a A.B. (a United States Citizen) and E.N. (a foreign national).

      e.      On or about May 30, 2018, **SHONUBI** provided a false lease between his company Jaypro and A.B. and E.N., which was included in E.N.'s application packet submitted to USCIS in Maryland on June 18, 2018, to fraudulently demonstrate that A.B. and E.N. lived together as a married couple.

      f.      On or about June 5, 2018, **SHONUBI** authored a false reference letter on NewLife letterhead regarding the marriage of A.B. and E.N., which was included in E.N.'s application packet submitted to USCIS in Maryland on June 18, 2018, to fraudulently demonstrate that the marriage was legitimate.

      g.      On or about July 8, 2018, **SHONUBI** enlisted L.G. (a United States citizen) to marry O.A. (a foreign national) for the express purpose of obtaining immigration benefits for O.A. and subsequently drove him to Alexandria, Virginia to meet and marry O.A. that same day.

      h.      On or about August 5, 2018, **SHONUBI** authored a false reference letter on NewLife letterhead regarding the marriage of L.G. and O.A., which was included in O.A.'s application packet submitted to USCIS in Maryland on November 27, 2018, to fraudulently demonstrate that the marriage was legitimate.

18 U.S.C. § 371

## COUNT TWO

### (False Document)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 and 9 through 17 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 12, 2014, in the District of Maryland, the defendant,

### JOSHUA OLATOKUNBO SHONUBI
### a/k/a Olatokunbo Joshua Shonubi,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, which writing and document was submitted to USCIS in Maryland, to wit, a purported lease between Jaypro and L.G. and G.G., falsely representing that L.G. and G.G. lived together as a married couple at the rental location, when in truth and fact, they never lived together anywhere.

18 U.S.C. § 1001(a)(3)

## COUNT THREE

### (False Document)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 and 9 through 17 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about March 3, 2015, and April 23, 2016, in the District of Maryland, the defendant,

### JOSHUA OLATOKUNBO SHONUBI
### a/k/a Olatokunbo Joshua Shonubi,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, which writings and documents were submitted to USCIS in Maryland, to wit, two signed letters on NewLife letterhead falsely attesting to the "good faith" of the marriage between L.G. and G.G., that they received "required pre-marital counseling" and continued to attend NewLife after their union, when in truth and fact, they had received no such counseling and did not attend the church after being married.

18 U.S.C. § 1001(a)(3)

## COUNT FOUR

### (False Document)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 and 9 through 17 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about June 26, 2017, in the District of Maryland, the defendant,

### JOSHUA OLATOKUNBO SHONUBI
### a/k/a Olatokunbo Joshua Shonubi,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, which writing and document was submitted to USCIS in Maryland, to wit, a signed letter on NewLife letterhead falsely attesting that F.O. had introduced J.H. to him as his fiancé, and that the marriage was entered to in good faith, when in truth and fact, **SHONUBI** had introduced the two so that J.H. could sponsor F.O. for permanent residence in the United States.


18 U.S.C. § 1001(a)(3)

## COUNT FIVE
### (False Document)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 7 and 9 through 17 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about May 30, 2018, in the District of Maryland, the defendant,

### JOSHUA OLATOKUNBO SHONUBI
### a/k/a Olatokunbo Joshua Shonubi,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, which writing and document was submitted to USCIS in Maryland, to wit, a purported lease between Jaypro and A.B. and E.N., falsely representing that the two lived together as a married couple at the rental location, when in truth and fact, they never lived together anywhere.

18 U.S.C. § 1001(a)(3)

## COUNT SIX
### (False Document)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1 through 7 and 9 through 17 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.       On or about June 26, 2017, in the District of Maryland, the defendant,

### JOSHUA OLATOKUNBO SHONUBI
### a/k/a Olatokunbo Joshua Shonubi,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, which writing and document was submitted to USCIS in Maryland, to wit, a signed letter on NewLife letterhead falsely attesting that **SHONUBI** previously knew E.N. as the son of a personal friend and that he spent hours "teaching and counseling [E.N. and A.B.] in their decision to get married," when in truth and fact, **SHONUBI**'s former wife introduced E.N. and A.B., and **SHONUBI** provided no such counseling or teaching.


18 U.S.C. § 1001(a)(3)

## COUNT SEVEN
### (False Document)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 and 9 through 17 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about August 5, 2018, in the District of Maryland, the defendant,

### JOSHUA OLATOKUNBO SHONUBI
### a/k/a Olatokunbo Joshua Shonubi,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, which writing and document were submitted to USCIS in Maryland, to wit, a signed letter on NewLife letterhead falsely attesting to have known L.G. as a nephew of a personal friend, that L.G. had approached **SHONUBI** about marrying O.A., and that he had provided L.G. and O.A. with marriage counseling, when in truth and fact, L.G. was never previously acquainted with **SHONUBI**, **SHONUBI** introduced L.G. to O.A., and they never received any sort of counseling.


18 U.S.C. § 1001(a)(3)

13

## **FORFEITURE**

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. § 982(a)(6), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of the defendant's conviction on the offense charged in Count One of this Indictment.

2.      Upon conviction of the offense charged in Count One of this Indictment, the defendant,

**JOSHUA OLATOKUNBO SHONUBI**
**AKA**
**OLATOKUNBO JOSHUA SHONUBI**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of such offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offense or that is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

3.      The property to be forfeited includes, but is not limited to, a money judgment in the amount the defendant obtained as a result of his participation in the Count One offense.

4.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without
   difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to

21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).


18 U.S.C. § 982(a)(6)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)


Erek L. Barron
United States Attorney

**SIGNATURE REDACTED**

Foreperson
Date:    10 - 20 - 21

15